**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **FLORIDA HOMES 1987, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STATE FARM FIRE AND CASUALTY COMPANY,**<br><br>**Defendant.** | ) | **CIVIL ACTION NO. 5:25-cv-111 (MTT)** |

**ORDER**

Plaintiff, Florida Homes 1987, LLC ("Florida Homes"), moves to remand this case to state court, or in the alternative, to amend the pretrial order to add exhibits not disclosed during discovery. ECF 47. Plaintiff argues that following an award of partial summary judgment, the amount in controversy no longer exceeds $75,000, so the Court lacks subject matter jurisdiction. *Id.* at 3–6. Plaintiff's request to amend the pretrial order to add exhibits not disclosed in discovery reflects Plaintiff's general lack of diligence in prosecuting this case, and granting leave to amend would prejudice the opposing party and inconvenience the Court. For the reasons explained below, the motion (ECF 47) is **DENIED**.

## I. BACKGROUND

On October 29, 2024, Plaintiff filed suit in state court for breach of contract and bad faith against Defendant State Farm Fire and Casualty Company, alleging deficient coverage payments for the fire loss of a property in Macon, Georgia. ECF 1 ¶ 2; 1-2 at 1–15. Plaintiff served Defendant on February 21, 2025, and Defendant timely removed

this case to federal court on March 21, 2025, asserting federal jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction. ECF 1 ¶¶ 4–9; 1-2 at 23. Diversity jurisdiction exists when the amount in controversy exceeds $75,000, and there is complete diversity between the parties. 28 U.S.C. § 1332. Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *Hensley v. Hartford Cas. Ins. Co.*, 113 F.4th 1327, 1332 (11th Cir. 2024).

Upon reviewing the notice of removal, the Court was satisfied that the amount in controversy exceeded $75,000. But the notice of removal did not state the citizenship of Florida Homes, an LLC, by identifying the citizenship of all LLC members.[1] ECF 1. Thus, the Court was unable to determine complete diversity, and the Court ordered Defendant to show cause why the case should not be remanded for lack of subject matter jurisdiction. ECF 4. Defendant responded by requesting permission to serve Plaintiff with one interrogatory and one request for production to confirm its belief that Plaintiff is a citizen of Florida and thus diverse from Defendant, which is a citizen of Illinois. ECF 1 ¶ 6; 10. Plaintiff did not challenge Defendant's assertion that the parties were diverse or that the amount in controversy exceeded $75,000, but the Court granted the motion to assure itself of subject matter jurisdiction. ECF 13; 15.

Plaintiff did not comply with the Court's order to respond to Defendant's discovery request, so the Court again ordered Plaintiff to respond. ECF 18. After the response deadline passed, again with no response from Plaintiff, the Court ordered Plaintiff's counsel to show cause why he should not be sanctioned for failure to comply

[1] An LLC is a citizen of every state in which its members are citizens. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 189, 195–96 (1990); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021–22 (11th Cir. 2004).

with the Court's orders and instructions. ECF 19. Plaintiff's counsel responded that he had left Your Insurance Attorney, PLLC ("Your Insurance Attorney"), the firm representing Plaintiff, and that Shandria Brown would be assuming representation. ECF 20. After Brown entered an appearance, the Court again ordered a response to Defendant's request for discovery concerning Plaintiff's citizenship, setting a deadline of July 21, 2025. ECF 23. After that deadline passed with no notice of compliance, the Court ordered Plaintiff to immediately file full and complete responses to Defendant's limited request for discovery. ECF 26. Plaintiff, at last, complied with the Court's order, revealing that the sole member of Florida Homes is Armando Suarez, a citizen of Georgia. ECF 27-1 at 8; 27-2 at 2. In August 2025, Defendant filed an amended notice of removal sufficiently showing complete diversity of citizenship between the parties. ECF 31.

Discovery closed on December 1, 2025, and Defendant filed a motion for summary judgment on Plaintiff's bad faith claim. ECF 16 at 3; 32; 32-1. Defendant also moved for summary judgment on Plaintiff's claim for the replacement cost value of repairs to the property because the applicable insurance policy required Plaintiff to make repairs within two years of an occurrence for the insured to receive replacement cost benefits. ECF 32-1 at 7; 32-9 at 17. The two-year deadline to make repairs elapsed on March 19, 2025. ECF 32-1 at 7; 32-3 at 3. Thus, Defendant argued, "*if* plaintiff has not completed the repairs to its rental property, plaintiff cannot recover the replacement cost value of the damages claimed under this coverage." ECF 32-1 at 7 (emphasis

added). Importantly, nothing in the record stated whether Plaintiff had completed repairs.[2]

Plaintiff moved for an extension of the response deadline, which the Court granted. ECF 36. Nevertheless, Plaintiff did not respond. ECF 37. The Court instructed the parties to anticipate that it would grant the partial motion for summary judgment and ordered pretrial submissions on any remaining claims. *Id.*; ECF 38. About a month after ordering pretrial submissions, Adedipo Adegunle, also from Your Insurance Attorney, entered an appearance as counsel for Plaintiff, and Shandria Brown withdrew representation. ECF 39; 40. After receiving pretrial submissions, the Court set the case for trial beginning September 14, 2026. ECF 45.

On August 11, 2026, the Court held a pretrial conference and granted Defendant's motion for partial summary judgment as to Plaintiff's bad faith claim. ECF 46. But the Court denied the motion without prejudice as to Plaintiff's replacement cost value claim. *Id.* Again, nothing in the record indicated that replacement occurred. But Defendant's counsel stated that if Plaintiff has evidence that repairs were completed within two years, then the motion should be denied. Plaintiff's counsel said his client would testify that he made repairs within two years. The Court asked Plaintiff for a ballpark estimate of the value of the repairs, but Plaintiff's counsel said he did not know and did not have receipts or invoices put together. *Id.* Plaintiff did not identify any exhibits supporting a claim that replacement occurred in the proposed pretrial order.

[2] Although Defendant stated in its motion, "[t]o date, plaintiff has not completed the repairs to its rental property," Defendant cited nothing in the record supporting that assertion. ECF 32-1 at 7. On the other hand, nothing in the record suggested repairs had been completed.

On August 18, Plaintiff filed the instant motion, arguing that because the Court granted summary judgment on Plaintiff's bad faith claim, the Court lacks subject matter jurisdiction and moving in the alternative to amend the pretrial order to add "receipts" and "invoices" to the exhibit list. ECF 47; 47-1. Defendants responded in opposition, and Plaintiff did not reply. ECF 48. The Court reset the trial for November 2026. ECF 50.

## II. DISCUSSION

### A. Remand

Plaintiff argues that after the Court's partial summary judgment ruling, remand is warranted because the amount in controversy never exceeded $75,000 and because even if the amount in controversy exceeded $75,000 at the time of removal, it no longer does. ECF 47 at 3–6. To be clear, "events occurring after removal . . . which may reduce the damages recoverable below the amount in controversy requirement, do not divest the district court of jurisdiction." *The Burt Co. v. Clarendon Nat. Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010) (discussing the effect of post-removal amendment of a complaint); *Poore v. American–Amicable Life Ins. Co.,* 218 F.3d 1287, 1290–91 (11th Cir. 2000) *overruled in part on other grounds in Alvarez v. Uniroyal Tire Co.,* 508 F.3d 639, 640–41 (11th Cir. 2007); *see also Williams v. State Farm Mut. Auto. Ins.*, 2009 WL 10688452, at *1 (N.D. Ala. Apr. 7, 2009) ("The law is clear that events occurring after the filing of an action in federal court, which reduce the amount in controversy below the statutory threshold, do not divest the court of jurisdiction.").[3] Thus, the pertinent inquiry is whether the amount in controversy exceeded $75,000 at the time of removal. It did.

[3] Plaintiff cites *Bailey v. Wal-Mart Stores, Inc.*, where a district court held that remand is appropriate when a partial grant of summary judgment lowers the amount in controversy below the jurisdictional threshold. 981 F. Supp. 1415, 1415–16 (N.D. Ala. 1997); ECF 47 at 5–6. But subsequent Eleventh Circuit cases, like those cited by the Court, state the opposite.

The initial complaint alleges that Defendant prepared a damages estimate totaling $54,840.91. ECF 1-2 ¶ 15. Then, Plaintiff "hired counsel, submitted sworn proof of loss for damages covered under the Policy, submitted all pictures and receipts available and in their possession, and provided an updated estimate for the Loss." *Id.* ¶ 16. Plaintiff submitted a demand for payment of $110,049.83, which Defendant did not pay. *Id.* ¶ 34; *Id.* at 16–17. Thus, based on the complaint, the parties disputed losses of $55,208.92. But Plaintiff also asserted a bad faith claim for an additional fifty percent of the loss amount. *Id.* ¶¶ 31–41. Consequently, the total amount in controversy exceeded the $75,000 jurisdictional threshold.

The Eleventh Circuit permits district courts "to consider post-removal evidence in assessing removal jurisdiction" when necessary. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). That said, the Circuit has emphasized that "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal." *Id.* (citation modified). Plaintiff has presented no evidence, nor has the record otherwise shown, that the amount in controversy was less than $75,000 at the time of removal. *See* ECF 32-2 ¶¶ 2, 4; 32-3 at 4; 32-6 at 35; 32-8.

Accordingly, Plaintiff's motion to remand is **DENIED**.

### B. Amending the Pretrial Order

"The court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e). District courts have "broad discretion in determining whether or not a pre-trial order should be modified or amended." *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071, 1090 (11th Cir. 2016) (citation modified). "Upon a finding that an amendment to the pretrial order would result in either

substantial injury to the opposing party or inconvenience to the court, the pretrial order should only be amended to avoid manifest injustice." *United States v. Varner*, 13 F.3d 1503, 1507–08 (11th Cir. 1994).

Discovery concluded in December 2025. ECF 16. Plaintiff failed to disclose the "receipts" and "invoices" before the close of discovery and did not even have a ballpark estimate of alleged repairs by the pretrial conference. ECF 46 at 1; 48 at 5–6. *See* Fed. R. Civ. P. 26(a)(1)(E) (providing that a party must make its initial disclosures based on reasonably available information, and a party's failure to fully investigate a case does not excuse it from making the disclosures). Plaintiff offers no reason for the failure to comply with discovery obligations. ECF 47. The Court's prior experience with Plaintiff's counsel, Your Insurance Attorney, in this matter suggests Plaintiff simply failed to act with diligence in prosecuting this case.[4]

Plaintiff's argument in favor of amendment is one paragraph and asserts the "receipts are straightforward, self-authenticating business records reflecting discrete, dated payments" that require "no additional discovery to understand or to test on cross-examination." *Id*. at 7. The "self-authenticating business record[]" receipts appear to be screenshots from a cellular device of online pickup orders from hardware stores. *Id.*;

---

[4] Again, the Court had to threaten sanctions before Plaintiff's counsel complied with the Court's repeated orders to respond to a single interrogatory and a request for production of one document concerning the citizenship of the parties. ECF 19. As the Court has before observed, Your Insurance Attorney's lack of diligence in this case is not unique. *See Affordable Homes v. State Farm Fire and Casualty Company*, No. 5:25-cv-301 (MTT) (M.D. Ga. May 7, 2026) ECF 23 at 1–2 (vacated by this Court on other grounds but describing Plaintiff's lack of diligence, including Plaintiff's admitted failure to conduct "meaningful discovery"). In *Hagy v. S. Ins. Co. of Virginia*, the plaintiffs, represented by Your Insurance Attorney, "not only failed to respond to Requests for Admissions but also failed to diligently prosecute [the] case by complying with the Court's discovery orders." 2026 WL 184271, at *3 (M.D. Ga. Jan. 23, 2026). The Court also dismissed *Hickey v. State Farm Fire and Casualty Company* because the plaintiff, represented by Your Insurance Attorney, failed to comply with the Court's orders and instructions concerning discovery. No. 5:25-cv-431 (MTT) (M.D. Ga. Dec. 9, 2025) ECF 11.

ECF 47-1 at 3–14. Some screenshots show the lump-sum cost of various items purchased without showing all items purchased or itemized costs. ECF 47-1 at 9, 10, 12–14. Consequently, absent discovery, Defendant has no way of knowing how much is claimed per item or even which items were purchased. Similarly, Plaintiff's "invoices" appear to be screenshot confirmations of outgoing Zelle payments. *Id.* at 15–32. The Zelle confirmations contain no information about the purpose of the payment. *Id.* For example, it is not clear whether the payments pertained to work performed on the covered property or what that work could have been.

Consequently, allowing Plaintiff to add the proposed exhibits to the pretrial order now would substantially injure Defendant. Even if the documents are valid, because the screenshots do not show all items purchased and for how much, Defendant has no way of knowing, again, absent discovery, whether the items are of a like kind and quality to what Plaintiff previously had at the property. Likewise, even assuming the receipts and Zelle payments relate to work performed at Plaintiff's property, Defendant cannot determine before trial whether the work falls within the scope of the policy.

For similar reasons, amendment would also inconvenience the Court and drain judicial resources. The Court anticipates that permitting the proposed amendment, absent reopening discovery, would invite chaos into the courtroom as Defendant scrambles to make sense of and respond to Plaintiff's explanation of the documents during trial. Defendant has already submitted a potentially responsive exhibit, asserting that Defendant already issued some replacement cost benefits on May 6, 2024. ECF 48 at 6–7; 48-2. Defendant states that many of Plaintiff's invoices and receipts predate the payment date, so Defendant may have already compensated Plaintiff for the claimed

repairs. ECF 48 at 6–7. But, "[g]iven the sparse details of these records, [Defendant] is unable to determine whether it has already paid for these alleged damages." *Id.* at 7. These are matters that should have been addressed during discovery and before Defendant filed a partial motion for summary judgment on the basis that no repairs had been made. Allowing amendment now would impede the efficient and orderly administration of judicial proceedings for no other reason than Plaintiff's failure to comply with its discovery obligations. *Pratt Corrugated Holdings, Inc. v. Porter Pizza Box of Fla., Inc.*, 2023 WL 12100729, at *3 (N.D. Ga. Nov. 28, 2023) (The Court "fears that this last-minute effort to introduce new documents, which may be used to inject a substantial range of non-relevant issues into the trial proceedings, will cause numerous objections, time-consuming bench conferences, and potential juror confusion.").

Plaintiff's failure to timely and sufficiently raise the issue also cuts against any assertion that denying leave to amend would result in manifest injustice. Plaintiff could have disclosed the documents in discovery, responded to the motion for partial summary judgment, or even addressed Defendant's arguments opposing leave to amend the pretrial order by filing a reply brief supporting its motion. Instead, Plaintiff has failed to diligently prosecute this case and asks that Defendant, and the Court, bear the costs. But Rule 16(e) requires amendment to prevent manifest injustice, not to impose it. Fed. R. Civ. P. 16(e). And although the Court is not convinced Plaintiff will suffer prejudice by the denial,[5] any prejudice Plaintiff may assert is a "'direct result of [its] own

---

[5] The Court questions the documents' probative value given their deficiencies. Again, the documents do not show that the purchases related to repairs made on Plaintiff's property, all items purchased, or which, if any, services were performed. ECF 47-1.

failure to properly present its case.'" *FN Herstal SA*, 838 F.3d at 1090 (quoting *Morro v. City of Birmingham,* 117 F.3d 508, 516 (11th Cir. 1997)).

Accordingly, Plaintiff's alternative motion to amend the pretrial order is **DENIED**.

## III. CONCLUSION

Plaintiff's motion to remand or, in the alternative, to amend the pretrial order (ECF 47) is **DENIED**.

**SO ORDERED**, this 28th day of September, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT